**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| TRACY ANN PILLOW,<br>MICHAEL ANTHONY PILLOW,<br>VELVET DARLEEN TAYLOR,<br>AUSTIN LEE BRITTON,<br>MARIAH FRANCES PILLOW,<br>XAVIAN MICHAEL PILLOW and<br>MALEAYA AMELIA PILLOW,<br><br>Plaintiffs,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>*et al.*,<br><br>Defendants. | Civil Action No. 26-4139-TDC |

## MEMORANDUM ORDER

Self-represented Plaintiffs Tracy Ann Pillow, Michael Anthony Pillow, Velvet Darleen Taylor, Austin Lee Britton, Mariah Frances Pillow, Xavian Michael Pillow, and Maleaya Amelia Pillow have filed a Complaint alleging a range of claims against 30 defendants. On October 1, 2026, Plaintiffs filed an Emergency Motion for a Temporary Restraining Order ("TRO") and Writ of Mandamus. In the Motion, Plaintiffs request an Order that would, among another things: (1) require Defendant the Social Security Administration ("SSA") to reinstate various benefits; (2) enjoin Defendants Carvana, Co. ("Carvana") and Bridgecrest Credit Company, LLC ("Bridgecrest") from selling a vehicle and require the return of that vehicle to Plaintiffs; (3) enjoin Defendants Andrews Ridge Apartments and Yardi Systems, Inc. from instituting or continuing with eviction proceedings against Plaintiffs; (4) enjoin Defendants Pepco and Verizon Communications, Inc. from terminating any of Plaintiffs' communication services; (5) enjoin all

Defendants from conducting electronic surveillance on Plaintiffs; and (6) require various Defendants to turn over records in their possession relating to Plaintiffs.

To obtain a TRO or a preliminary injunction, moving parties must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011). A moving party must satisfy each requirement as articulated. *Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013). Because a TRO or a preliminary injunction is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The Motion fails for several reasons. First, Plaintiffs have not demonstrated a likelihood of success on the merits. Although Plaintiffs allege a range of claims, they have not meaningfully argued, and have not provided any specific evidence demonstrating, that they are likely to succeed on those claims. For example, Plaintiffs have not provided any evidence that the SSA has unlawfully withheld benefits, and while Plaintiffs generally allege that Defendants have surveilled them, hacked their electronic devices, and tampered with their stored electronic files, they have provided no evidence to support these claims. Likewise, Plaintiffs claim that Carvana and Bridgecrest have unlawfully taken their car and that various Defendants have worked in concert to illegally evict Plaintiffs but have provided no evidence demonstrating that these Defendants both took these actions and did so without lawful authority.

Second, Plaintiffs have not shown a likelihood of irreparable harm. For example, as to their claims about Social Security benefits, the alleged harm is financial, which ordinarily can be remedied by a later judgment. Likewise, as for their claims which seek to force Defendants to turn

over electronic records, Plaintiffs have not shown how they will be irreparably harmed in the absence of such action.

Third, at this early stage, where Plaintiffs are seeking an *ex parte* injunction against Defendants who have not yet been served, the public interest weighs against granting an injunction before Defendants have had an opportunity to respond.

Where Plaintiffs have not established all four required elements, the Motion for a TRO will be denied.

Finally, to the extent that the request for a writ of mandamus could be construed as advancing a different basis for preliminary relief, a United States district court may issue such a writ only as to an officer or employee of the United States or a federal agency, 28 U.S.C. § 1361, so such relief is unavailable as to Defendants other than the SSA, all of which are private parties. As to the SSA, for the reasons stated above, in the absence of a showing of likely success on the merits, the Court will not issue such a writ at this early stage.

For the foregoing reasons, it is hereby ORDERED that Plaintiffs' Motion for a Temporary Restraining Order and Writ of Mandamus, ECF No. 3, is DENIED.

Date: October 9, 2026

/s/
THEODORE D. CHUANG
United States District Judge